In the Matter of the Application of THE UNITED STATES MER-
CANTILE REPORTING AND COLLECTING AGENCY (Limited) for
Leave to Change its Name.

Under the act of 1870 (Chap. 322, Laws of 1870), authorizing the court, on
application of a corporation to change its corporate name, to grant the
application where it appears "that there is no reasonable objection," the
moving corporation has no absolute right to make the change, but
the matter is left to the discretion of the court, and its decision, where
no abuse of the discretion is shown, is not reviewable here.

*It seems* where no objection whatever existed, or one which furnished no
conceivable reason for a refusal of the application, this court may inter-
fere; where, however, an objection appears, as to the reasonableness of
which judgments may fairly differ, the decision below is conclusive.

(Submitted June 20, 1889; decided June 25, 1889.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made March 8, 1889,
which reversed an order of Special Term granting an applica-
tion of the petitioner to change its corporate name

The application was opposed by another corporation, which
claimed that the name sought to be assumed by the petitioner
resembled so nearly its own as to lead to confusion and result in
injury to it.

*J. D. Hallen* for appellant. Statutes which authorize persons
to do acts for the benefit of others, or for the public good, or the
advancement of justice, are mandatory and not enabling, even
though the enactment is that they "may" or "shall, if they
think fit," or they "shall have power." (*In re Tithe Comrs.*,
14 Q. B. 474; *People* v. *Suprs.*, 68 N. Y. 114.) The class of
orders not reviewable, because discretionary, is substantially
those addressed to the favor of the court, to which the appli-
cant has no absolute right, and which may or may not be
granted without wrong on either hand. (*In re Eldridge*, 82
N. Y. 161, 165.)

*William F. MacRae* for respondent. The power of the
Supreme Court to permit the respondent company to change its

name and to assume another name, as provided by the Laws of 1870 and 1874, did not authorize the court to allow it to assume a name which is an infringement of appellant's corporate name. (Laws of 1870, chap. 322, § 3 ; *In re Manhattan Dispensary,* 7 N. Y. State Rep. 871.)

PER CURIAM. This appeal must be dismissed. The order from which it was taken was made by the General Term reversing an order of the Special Term permitting the appellant to change its corporate name. The application was made pursuant to the provisions of chapter 322 of the Laws of 1870 which authorized the court to grant the order where it appears "that there is no reasonable objection to such corporation changing its name." The granting or refusal of the order was put within the discretion of the court. The moving party has no absolute right to make the change or to have the consent of the court thereto. The court is to determine whether or not there is any reasonable objection. That is only another mode of saying that it may exercise its discretion, for that implies a judgment whether there be any reasonable objection. An abuse of that discretion we might redress. If no objection existed whatever, or one which furnished no conceivable reason for a refusal, we might interfere ; but where a reason is shown which might seem to some minds reasonable, or about which judgments might fairly differ, we are not at liberty to use our own opinions to reverse those of the court to which the question is committed. In such a case there is no error of law available in this court.

The appellant had no absolute right to change its name. The one selected resembled somewhat the corporate name of an objecting corporation, which was known as "The United States Mercantile Reporting Company." The name selected by the appellant, and to which the General Term refused its assent, was the "United States Commercial Agency and Collecting Company, limited." There was some resemblance, arising mainly from the use of the words "United States."

It furnished a possibility of mistake or confusion in unobservant minds, and of some benefit resulting to the newer corporation from a resemblance of its name to that which the older corporation had made valuable to itself.  And while we think the court below was somewhat too cautious, and might justly have permitted the change, that is purely matter of opinion, and not a question of law.

It is not necessary to say that the objecting company has a vested and exclusive right to the use in its corporate name of the words "United States."   That is not here the question. Assuming that it had not, it might yet be a reasonable objecjection, under the statute, to its use by a new corporation entering as a competitor into the same business, that the use of those words might occasion mistake or produce injustice.   We do not think, therefore, that the appeal presents to us any question of law, but merely assails the discretion of the court below.

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed.